B 1 (Official Form 1) (1/08)

# United States Bankruptcy Court
## Northern District of Illinois

**Voluntary Petition**

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**Kimball Hill Homes Texas, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**SEE RIDER 1** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all):<br>**76-0274839** | Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**8584 Katy Freeway**<br>**Suite 200**<br>**Houston, TX**          ZIP CODE **77024** | Street Address of Joint Debtor (No. & Street, City, and State):          ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Harris County** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**5999 New Wilke Road,**<br>**Suite 504**<br>**Rolling Meadows, IL**     ZIP CODE **60008** | Mailing Address of Joint Debtor (if different from street address):          ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):          ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check **one** box.)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check **one** box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other (**Home Builder**)

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box)
- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check **one** box)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check **one** box.)
- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**          THIS SPACE IS FOR COURT USE ONLY
- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors (on a consolidated basis)

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] |

Estimated Assets (on a consolidated basis)

| $0- to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] |

Estimated Liabilities (on a consolidated basis)

| $0- to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] |

B 1 (Official Form 1) (1/08) **Page 2**

| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): <br> **Kimball Hill Homes Texas, Inc.** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: <br> **SEE RIDER 2** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| | (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____ <br> Signature of Attorney for Debtor(s)        (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.*

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

---

\* The Debtor is not aware of any definition of "imminent and identifiable harm" as used in this form. The Debtor is subject to a variety of local, state, and federal laws and regulations concerning the protection of health and the environment. The Debtor does not believe it owns or possesses property that poses or is alleged to pose a threat of such harm. The Debtor owns or possesses certain property that is subject to investigation or remediation under environmental laws.

B 1 (Official Form 1) (1/08) **Page 3**

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Kimball Hill Homes Texas, Inc.** |
|---|---|

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (If not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |
| **Signature of Attorney*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
| X */s/ Ray C. Schrock*<br>Signature of Attorney for Debtor(s)<br>Ray C. Schrock<br>Printed Name of Attorney for Debtor(s)<br>Kirkland & Ellis LLP<br>Firm Name<br><br>200 E. Randolph Street<br>Chicago, IL 60601<br>Address<br>(312) 861-2000<br>Telephone Number<br>4/23/2008<br>Date<br><br>* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official form 19B is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.) |
| **Signature of Debtor (Corporation/Partnership)** | |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X */s/ C. Kenneth Love*<br>Signature of Authorized Individual<br>C. Kenneth Love<br>Printed Name of Authorized Individual<br>Vice Chairman<br>Title of Authorized Individual<br>4/23/2008<br>Date | _____<br>Address<br><br>X _____<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form of each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.* |

## **RIDER 1 - PRIOR TRADE NAMES**

All other names that may have been used by or associated with the Debtor in the last 8 years:

18th and Peoria, LLC
Cactus Hills LLC
East Lake Park
Edgewater Limited Partnership
Gables at Hiddenbrook Limited Partnership
Hunters Ridge First Limited Partnership
Huntington Chase Limited Partnership
Indian Trails Limited Partnership
KH Financial Holding Company
KH Ingham Park South, LLC
KH SRAV II, LLC
KHH Texas Trading Company L.P.
Kimball Hill & Associates, Inc.
Kimball Hill Bellevue Ranch, LLC
Kimball Hill Chadwick Farm Limited Partnership
Kimball Hill Far East Detroit, LLC
Kimball Hill Homes
Kimball Hill Homes Austin Investments, L.L.C.
Kimball Hill Homes Austin Operations, L.L.C.
Kimball Hill Homes Austin, L.L.P.
Kimball Hill Homes Austin, L.P.
Kimball Hill Homes California, Inc.
Kimball Hill Homes Dallas Investments, L.L.C.
Kimball Hill Homes Dallas Operations, L.L.C.
Kimball Hill Homes Dallas, L.L.P.
Kimball Hill Homes Dallas, L.P.
Kimball Hill Homes Florida, Inc.
Kimball Hill Homes Houston Investments, L.L.C.
Kimball Hill Homes Houston Operations, L.L.C.
Kimball Hill Homes Houston, L.L.P.
Kimball Hill Homes Houston, L.P.
Kimball Hill Homes Illinois, LLC
Kimball Hill Homes Nevada, Inc.
Kimball Hill Homes Ohio, Inc.
Kimball Hill Homes Oregon, Inc.
Kimball Hill Homes Realty Florida, Inc.
Kimball Hill Homes San Antonio, L.P.
Kimball Hill Homes Texas Investments, L.L.C.
Kimball Hill Homes Texas Operations, L.L.C.
Kimball Hill Homes Texas, Inc.
Kimball Hill Homes Washington, Inc.

Kimball Hill Homes Wisconsin, Inc.
Kimball Hill Marbella Estates Limited Partnership
Kimball Hill Shamrock Farm Limited Partnership
Kimball Hill Sheldon Lakes, LLC
Kimball Hill Stateway, Inc.
Kimball Hill Texas Investment Company, L.L.C.
Kimball Hill TX Properties, LLC
Kimball Hill Urban Centers Chicago One, L.L.C.
Kimball Hill Urban Centers Chicago Two, L.L.C.
Kimball Hill Urban Centers Special Purposes, LLC
Kimball Hill Urban Centers, L.L.C.
Kimball Hill Villages, LLC
Kimball Hill, Inc.
Kimball Mountain First Limited Partnership
Legend Lakes Limited Partnership
Mallard Pointe Limited Partnership
National Credit and Guaranty Corporation
Park Shore LLC
Parkview Limited Partnership
Parkview Limited Partnership
Powers Hill Homes, Inc.
River Oaks Home, LLP
River Oaks Homes, L.L.P.
River Oaks Realty, L.L.P.
River Oaks Realty, L.P.
River Oaks Realty, LP
River Pointe Limited Partnership
River Pointe Limited Partnership
Stateway Gardens Associates LLC
Stonehill Square LLC
Stonehill Square LLC
Terramina LLC
The Hamilton Place Partnership
Village North Associates, LLC
Waterford Limited Partnership
Whispering Meadow Limited Partnership
White Oak Limited Partnership

## **RIDER 2 - LIST OF FILING ENTITIES**

Along with the Debtor, Kimball Hill Homes Texas, Inc., the following affiliated debtors contemporaneously have filed chapter 11 petitions in the United States Bankruptcy Court for the Northern District of Illinois:

1. Kimball Hill, Inc.
2. 18th and Peoria, LLC
3. KH Financial Holding Company
4. KH Ingham Park South, LLC
5. KHH Texas Trading Company L.P.
6. Kimball Hill Far East Detroit, LLC
7. Kimball Hill Homes Austin, L.P.
8. Kimball Hill Homes California, Inc.
9. Kimball Hill Homes Dallas, L.P.
10. Kimball Hill Homes Florida, Inc.
11. Kimball Hill Homes Houston, L.P.
12. Kimball Hill Homes Illinois, LLC
13. Kimball Hill Homes Nevada, Inc.
14. Kimball Hill Homes Ohio, Inc.
15. Kimball Hill Homes Oregon, Inc.
16. Kimball Hill Homes Realty Florida, Inc.
17. Kimball Hill Homes San Antonio, L.P.
18. Kimball Hill Homes Texas Investments, L.L.C.
19. Kimball Hill Homes Texas Operations, L.L.C.
20. Kimball Hill Homes Washington, Inc.
21. Kimball Hill Homes Wisconsin, Inc.

22. Kimball Hill Stateway, Inc.

23. Kimball Hill Texas Investment Company, L.L.C.

24. Kimball Hill Urban Centers Chicago One, L.L.C.

25. Kimball Hill Urban Centers Chicago Two, L.L.C.

26. Kimball Hill Urban Centers Special Purposes, LLC

27. Kimball Hill Urban Centers, L.L.C.

28. National Credit and Guaranty Corporation

29. The Hamilton Place Partnership

# KIMBALL HILL HOMES TEXAS, INC.
## UNANIMOUS WRITTEN CONSENT OF DIRECTORS

**APRIL 23, 2008**

The undersigned, being all the directors (the "Board of Directors") of Kimball Hill Homes Texas, Inc., a Texas corporation (the "Company"), pursuant to the provisions of applicable law and the by-laws of the corporation, take the following actions and adopt the following resolutions by unanimous written consent:

> WHEREAS, the Board of Directors reviewed the materials presented by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's business; and

> WHEREAS, the Board of Directors has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company;

**I.    Voluntary Petition Under the Provisions of Chapter 11 of Title 11 of the United States Code**

> NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

> RESOLVED FURTHER, that the officers of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business; and

> RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance

the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP; and

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Houlihan Lokey Howard & Zukin, Inc. as investment banker and financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Houlihan Lokey Howard & Zukin, Inc.; and

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Deloitte Tax LLP as tax consultants to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Deloitte Tax LLP; and

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Deloitte & Touche LLP as independent auditors and accountants to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Deloitte & Touche LLP; and

RESOLVED FURTHER, that the Authorized Officers, and they hereby are, authorized and directed to employ the firm of Kurtzman Carson Consultants LLC as notice, claims, and balloting agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to

2

advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Kurtzman Carson Consultants LLC; and

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

II. **Cash Collateral Agreement and Debtor in Possession Financing**

RESOLVED FURTHER, that the form, terms, and provisions of the Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364(c), 364(d) and 364(e) and Fed. R. Bankr. P. 4001 and 9014 (I) Authorizing the Debtors to Obtain Secured Postpetition Financing on Super-Priority Priming Lien Basis, Granting Adequate Protection for Priming and Modifying Automatic Stay, (II) Authorizing the Debtors to Use Cash Collateral of Existing Secured Lenders and Granting Adequate Protection for Use, (III) Authorizing the Debtors to Repay Existing Revolver Indebtedness Upon Interim Approval and (IV) Prescribing Form and Manner of Notice and Setting Time For Final Hearing (the "DIP Order"), pursuant to which, among other things, Kimball Hill, Inc. and the other Credit Parties will obtain the use of "Cash Collateral" of the Pre-Petition Agent and Pre-Petition Lenders (as each term is defined in the DIP Order) subject to a Budget (as defined in the DIP Order), in substantially the form submitted to the Board if Directors, be, and the same hereby is in all respects approved, and any Authorized Officer or other officer of the Company is hereby authorized and empowered, in the name of and on behalf of the Company, to consent to the DIP Order, in such form and with such changes as the officer of the Company executing the same shall approve; and

RESOLVED FURTHER, that the forms, terms, and provisions of the Promissory Note (the "Note") in respect of a Superpriority Priming Debtor in Possession Revolving Credit Facility (together with each other document, instrument, or agreement executed by the Company and any other Credit Party

3

(defined below) or consented to, or delivered, by the Company in connection therewith, the "DIP Loan Documents"), among Kimball Hill, Inc. and its domestic subsidiaries that are signatories thereto (including the Company, collectively, the "Credit Parties"), each of which Credit Parties will be a debtor and debtor in possession in a case to be filed under chapter 11 of the Bankruptcy Code (the case of each Credit Party, collectively, the "Cases"), which DIP Loan Documents (a) provide from the proceeds of the tax refund received by one or more of the Credit Parties with an intercompany revolving loan facility of up to $51,851,594 on a secured super-priority priming lien basis, (b) require each Credit Party's obligations therein to be guaranteed by the other Credit Parties, and (c) provide for the proceeds therefrom to be used for working capital and for other general corporate purposes of the Credit Parties, including postpetition operating expenses of administration of the Cases, subject to the Budget (as defined in the DIP Order), in substantially the form submitted to the Board of Directors, be, and the same hereby are in all respects approved, and any Authorized Officer or other officer of the Company is hereby authorized and empowered, in the name of and on behalf of the Company, to consent to, execute and deliver each of the DIP Loan Documents to which the Company is a party, in such forms and with such changes, additions, and modifications thereto as the officer of the Company executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof; and

RESOLVED FURTHER, that the Company, as debtor and debtor in possession under the Bankruptcy Code shall be, and hereby is, authorized to incur the Obligations (as defined in the DIP Loan Documents) and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions"); and

RESOLVED FURTHER, that each and every officer, including the Authorized Officers, of the Company be, and each of them, acting alone, hereby is authorized, directed, and empowered, with power of delegation, from time to time in the name and on behalf of the Company to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Company or otherwise, any and all such other documents, agreements, certificates, writings, and instruments to be delivered in connection with the DIP Order and/or the DIP Loan Documents (including, without limitation, any amendments, supplements, or modifications to the DIP Loan Documents and

4

such other documents, agreements, certificates, writings, and instruments to be delivered in connection therewith), and to grant the security interests in or liens on any real or personal property of the Company, whether encumbered or unencumbered, now or hereafter acquired as contemplated by the DIP Order and the DIP Loan Documents, with full authority to indorse, assign, or guarantee any of the foregoing in the name of the Company, in each case, as any such officer may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing resolution, and his or her execution and delivery thereof to be conclusive evidence that he or she deems in necessary or advisable, his or her execution and delivery thereof to be conclusive evidence of his or her authority, to so act and his or her approval thereof; and

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed, and each of them, acting alone, hereby is, authorized, directed, and empowered, with power of delegation, in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and consent to, execute and deliver (a) the DIP Loan Documents and such agreements, certificates, instruments, guaranties, notices and any and all other documents as the Authorized Officers may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "Financing Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Agent; and (c) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Order, DIP Loan Documents, or any other Financing Document; and

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized and empowered, with power of delegation, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Financing Documents, which shall in their sole judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the DIP Order, DIP Loan Documents, or any of the other Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized and empowered, with power

5

of delegation, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Order, DIP Loan Documents, or any of the Financing Documents which shall in their sole judgment be necessary, proper, or advisable; and

RESOLVED FURTHER, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Order, DIP Loan Documents, and any of the other Financing Documents be, and hereby are, in all respects confirmed, approved, and ratified; and

### III. Further Actions and Prior Actions

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his/her discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

RESOLVED FURTHER, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

\* \* \* \* \*

IN WITNESS WHEREOF, the undersigned have executed this Unanimous Written Consent of Directors as of the date first above written.

          */s/ Bradley R. Grining*
          Bradley R. Grining

          */s/ C. Kenneth Love*
          C. Kenneth Love

          */s/ Edward J. Madell*
          Edward J. Madell

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 Cases |
| ) | Case No. 08-    -[___]- |
| KIMBALL HILL, INC., *et al.*, ) | Joint Administration Pending |
| ) | |
| Debtors. ) | |
| ) | |

**CONSOLIDATED LIST OF CREDITORS HOLDING
THE 30 LARGEST UNSECURED CLAIMS**

   The above-captioned debtors (collectively, the "Debtors") each filed a petition in the Court for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. The following is the consolidated list of the Debtors' creditors holding the 30 largest unsecured claims (the "Consolidated List") based on the Debtors' books and records as of approximately April 22, 2008. The Consolidated List is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in these chapter 11 cases. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31), or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the Consolidated List of 30 largest unsecured claims. The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority or amount of any claim.

| (1) Name of creditor | (2) Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contracts, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5) Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| Indenture Trustee | ATTN: CORPORATE TRUST SERVICES<br>U.S. BANK NATIONAL ASSOCIATION<br>60 LIVINGSTON AVENUE<br>EP-MN-WS3C<br>ST. PAUL, MN 55107<br>F: 651-495-8097 | Unsecured Bonds | | $203,000,000 |
| Cesari Response Television, inc | 1414 DEXTER AVENUE N. #300<br>SEATTLE, WA 98109<br>T: 800-585-7975<br>F: 206-826-0200 | Trade Debt | | $91,675 |
| Clark County Treasurer | 500 S. GRAND CENTRAL PKWY, 1ST FL<br>PO BOX 551220<br>LAS VEGAS, NV 89155-1220<br>T: 702-455-4323<br>F: 702-455-5969 | Trade Debt | | $73,762 |
| San Antonio Water Services | P.O. BOX 2990<br>SAN ANTONIO, TX 78299-2990<br>T: 210-704-7297<br>F: 210-233-4160 | Trade Debt | | $30,779 |
| Ten-Voss | 8554 KATY FREEWAY<br>SUITE 301<br>HOUSTON, TX 77024<br>T: 713-270-7700<br>F: 7413-270-6285 | Trade Debt | | $27,306 |
| Ritz-Carlton, Lake Las Vegas | 1610 LAKE LAS VEGAS<br>HENDERSON, NV 89011<br>T: 702-567-7400<br>F: 702-567-4777 | Trade Debt | | $20,000 |
| Providence Community Association | 8360 E. VIA DE VENTURA STE L-100<br>SCOTTSDALE, AZ 85258 | Trade Debt | | $17,800 |
| Consumer Source, Inc | DBA:HOUSTON NEW HOME GUIDE<br>PO BOX 402035<br>ATLANTA, GA 30384<br>T: 800-216-1428<br>F: 770-396-9532 | Trade Debt | | $16,252 |
| Interspace Airport Advertising | ATTN: FLORI LOCKWITCH<br>P.O. BOX 847247<br>4635 CRACKERSPORT ROAD<br>ALLENTOWN, PA<br>DALLAS, TX 75284-7247<br>T: 610-395-8002<br>F: 610-395-4450 | Trade Debt | | $15,450 |
| Fort Bend MUD | 12535 REED RD<br>SUGARLAND, TX 77478<br>T: 281-277-0129<br>F: 281-277-0028 | Trade Debt | | $13,090 |
| Leading Edge Personnel | P. O. BOX 2675<br>SAN ANTONIO, TX 78299<br>T: 210-308-0900<br>F: 210-30835 | Trade Debt | | $12,833 |
| Lamar Advantage of Austin | 7020 US HWY 290 E<br>AUSTIN, TX 78723<br>T: 800-524-4599<br>F: 512-451-6645 | Trade Debt | | $11,900 |

| (1)<br>Name of creditor | (2)<br>Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| Lifestyle Designs | 1964 WEST GRAY<br>SUITE 200<br>HOUSTON, TX 77019<br>T: 713-524-2821<br>r-blair.lifestyle@swbell.net<br>ATTN: ROBERT BLAIR | Trade Debt | | $11,600 |
| Builders Sign Company | 2315 LOUETTA RD<br>SPRING, TX 77388<br>T: 281-353-2429<br>F: 281-353-5800<br>ATTN: VERONICA NEUMAIER | Trade Debt | | $11,355 |
| Decks by Monday | 1810 CALLAWAY DR<br>ALVIN, TX 77511<br>T: 281-844-3331<br>ATTN: DAVID LEE SMITHSON | Trade Debt | | $11,000 |
| Metro Code Analysis | 2630 WEST FREEWAY<br>SUITE 200<br>FORT WORTH, TX 76102<br>T: 817-335-1497<br>F: 817-335-5733<br>ATTN: MICHELLE KIRCHNER | Trade Debt | | $10,727 |
| Konica Minolta Business | PO BOX 403718<br>Atlanta, GA 30384<br>T: 800-456-6422<br>F: 800-862-2490 | Trade Debt | | $10,463 |
| New Home Technologies | 11900 RR 620 NORTH<br>AUSTIN, TX 78750<br>T: 512-651-8875<br>F: 512-371-9552<br>ATTN: ALPANA AHORA | Trade Debt | | $9,937 |
| EX2 Solutions, Inc | 11900 RR 620 NORTH<br>AUSTIN, TX 78750<br>T: 512-651-8807<br>F: 512-371-9552 | Trade Debt | | $9,526 |
| Builder Homesite, Inc | PO BOX 847905<br>DALLAS, TX 75284<br>T: 512-371-3800<br>F: 512-371-9552 | Trade Debt | | $8,558 |
| Game Film Consultants | PO BOX 10027<br>AUSTIN, TX 78766<br>T: 866-334-3456<br>F: 713-339-1802 | Trade Debt | | $8,510 |
| Houston Chronicle | PO BOX 200088<br>HOUSTON, TX 77216<br>T: 713-362-7716<br>F: 713-362-3575 | Trade Debt | | $8,435 |
| New Home Magazine and Map Guide | 181 BUTCHER RD<br>VACAVILLE, CA 95687<br>T: 707-451-9990<br>F: 707-451-9922 | Trade Debt | | $8,372 |
| Konica Minolta Business Solutions | 21146 NETWORK PLACE<br>CHICAGO, IL 60673<br>T: 800-456-6422<br>F: 800-862-2490 | Trade Debt | | $7,861 |
| Nevada Power Company | PO BOX 30086<br>RENO, NV 89520<br>T: 702-367-5555<br>F: 702-579-9303 | Trade Debt | | $7,391 |
| JWDI, Inc | 1499 N POST OAKS<br>SUITE 114<br>HOUSTON, TX 77055<br>T: 713-680-2064 | Trade Debt | | $7,133 |

| (1)<br>Name of creditor | (2)<br>Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| Northwest MUD | PO BOX 3150<br>HOUSTON, TX 77253 | Trade Debt | | $5,920 |
| 8965 S Eastern LLC | 4755 DEAN MARTIN DR<br>LAS VEGAS, NV 89103<br>T: 702-221-8226<br>F: 702-221-1256 | Trade Debt | | $5,775 |
| Westpark Communication | 3731 BRIAR PARK<br>SUITE 200<br>HOUSTON, TX 77042<br>T: 713-785-3238<br>F: 713-977-5944 | Trade Debt | | $5,687 |
| Modspace | PO BOX 641595<br>PITTSBURGH, PA 15264<br>T: 713-678-7499<br>F: 713-678-7374 | Trade Debt | | $5,380 |

**DECLARATION UNDER PENALTY**
**OF PERJURY ON BEHALF OF CORPORATION**

Pursuant to 28 U.S.C. § 1746, I, C. Kenneth Love, the duly qualified and elected Vice Chairman of Kimball Hill Homes Texas, Inc., declare under penalty of perjury that I have reviewed the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims and that it is true and correct to the best of my information and belief.

Rolling Meadows, Illinois
Dated:  April 23, 2008                  */s/ C. Kenneth Love*
                                         C. Kenneth Love